UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TERRANCE JOE QUINLAN,

               Plaintiff,

    v.

KING COUNTY,

               Defendant.

Case No. C22-902-RAJ-MLP

ORDER TO SHOW CAUSE

      Plaintiff Terrance Quinlan is currently confined at the King County Regional Justice Center in Kent, Washington. He has submitted to the Court for filing a civil rights complaint under 42 U.S.C. § 1983. (*See* dkt. # 4-1.) Plaintiff alleges in the single count of his complaint that King County violated his rights under the Fourteenth Amendment by charging and convicting him of a crime without due process of law and by depriving him of equal protection of the law. (*Id*. at 4-5.) Plaintiff further asserts that King County abused its police powers, though he offers no explanation of why he believes this to be the case. (*Id*. at 5.) Plaintiff identifies King County as the lone Defendant in his complaint and he seeks $500,000 in damages. (*Id*. at 1, 3, 9.)

ORDER TO SHOW CAUSE - 1

It appears from the face of Plaintiff's complaint that he may be using this civil rights action to challenge the conviction underlying his current confinement. Where a prisoner challenges the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus, to which the exhaustion requirement applies. *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973). In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that a § 1983 claim that calls into question the lawfulness of a plaintiff's conviction or confinement does not accrue "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id*. at 489. Because it appears that a ruling in Plaintiff's favor on his asserted claims would undermine the validity of his current confinement, and because nothing in the record suggests that Plaintiff's underlying conviction has been invalidated in any fashion, Plaintiff's claims are not cognizable in this action.

Accordingly, the Court hereby ORDERS as follows:

(1) Plaintiff shall show cause not later than **thirty (30) days** from the date of this Order why this action should not be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state any claim upon which relief may be granted. Failure to timely respond to this Order will result in a recommendation that this action be dismissed.

(2) The Clerk is directed to send copies of this Order to Plaintiff and to the Honorable Richard A. Jones. The Clerk is further directed to note this matter for the Court's consideration of Plaintiff's response to the Order to Show Cause on **August 19, 2022**.

DATED this 19th day of July, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER TO SHOW CAUSE - 2