UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TERRANCE JOE QUINLAN,

              Plaintiff,

   v.

KING COUNTY,

              Defendant.

Case No. C22-902-RAJ-MLP

REPORT AND RECOMMENDATION

## I.    INTRODUCTION AND SUMMARY CONCLUSION

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Terrance Quinlan has been granted leave to proceed with this action *in forma pauperis*. Service has not been ordered. This Court, having reviewed Plaintiff's complaint (dkt. # 6), and the balance of the record, concludes that Plaintiff has not stated a cognizable claim for relief in this action. The Court therefore recommends that Plaintiff's complaint (*id*.), and this action, be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

## II.    DISCUSSION

On June 25, 2022, Plaintiff submitted to the Court for filing a civil rights complaint under 42 U.S.C. § 1983. (Dkt. # 1.) Plaintiff alleged therein that, on or about January 5, 2021,

REPORT AND RECOMMENDATION
PAGE - 1

King County violated his rights under the Fourteenth Amendment by charging and convicting him of a crime without due process of law, and by depriving him of equal protection of the law. (*Id*. at 4-5.) Plaintiff further alleged that King County abused its police powers, though he offered no explanation as to why he believed that to be the case. (*Id*. at 5.) Plaintiff identified King County as the lone Defendant in his complaint, and he requested $500,000 in damages. (*Id*. at 1, 3, 9.)

Because it appeared Plaintiff was attempting to use this civil rights action to challenge the validity of the conviction underlying his current confinement, and because such challenges are not permissible under § 1983, on July 19, 2022, the Court issued an Order directing Plaintiff to show cause why this action should not be dismissed. (Dkt. # 7.) The Court explained in its Order to Show Cause that the United States Supreme Court, in *Heck v. Humphrey,* 512 U.S. 477 (1994), held that a claim brought under § 1983 that calls into question the lawfulness of a plaintiff's conviction or confinement does not accrue "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." (*Id*. at 2 (citing *Heck*, 512 U.S. at 489).) The Court noted that there was nothing in the record suggesting that Plaintiff's conviction had been invalidated in any fashion and determined that Plaintiff's claims were therefore not cognizable in this action. (*Id*.)

On September 9, 2022, Plaintiff filed a response to the Order to Show Cause. (Dkt. # 13.) Plaintiff asserts therein that King County abused its police power when, in January 2021, it filed a possession of a controlled substance by a prisoner charge against him without a probable cause hearing. (*Id*. at 1 (citing King County Superior Court Case No. 21-1-01987-3 KNT).) Plaintiff further asserts that King County "exploited" previous unconstitutional convictions in arguing the

REPORT AND RECOMMENDATION
PAGE - 2

appropriate bail amount in his 2021 case, and he cites to five prior King County Superior Court criminal convictions which he appears to claim were expunged pursuant to the Washington Supreme Court's decision in *State v. Blake*, 197 Wn.2d 170 (2021).[1] (*Id*. at 2.) Though not entirely clear from Plaintiff's response to the Order to Show Cause, he appears to claim that his loss of liberty pursuant to his now expunged convictions violated his due process rights. (*Id*.)

To the extent Plaintiff challenges in this action his conviction in his 2021 King County Superior Court case on the grounds that the charges were improperly filed without a probable cause hearing, his claim constitutes a challenge to his underlying conviction, and therefore, is barred by *Heck*. To the extent Plaintiff complains that King County prosecutors relied upon unconstitutional convictions to argue the appropriate bail in his 2021 case, Plaintiff fails to demonstrate that any such claim is viable here.

The Court first observes that any challenge to the $50,000 bail imposed in Plaintiff's 2021 criminal case appears to now be moot given that Plaintiff has been convicted and sentenced in that action. *See State of Washington v. Terrance Joe Quinlan*, No. 21-1-01987-3.[2] The Court further observes that at the time Plaintiff was charged in the 2021 case, and the bail amount was established, he was confined pursuant to a separate criminal case for which a more substantial bail, $500,000, had already been imposed. *See State of Washington v. Terrance Joe Quinlan*, No. 20-1-06723-0.[3] Thus, regardless of the arguments presented regarding bail in Plaintiff's 2021

---

[1] In *Blake*, the Washington Supreme Court held that Washington's strict liability drug possession statute, RCW 69.50.4013, was unconstitutional because it criminalized unintentional, unknowing possession of controlled substances. *See Blake*, 197 Wn.2d at 173-74.

[2] *Available at* Records Access Portal | KC-Script Portal, https://dja-prd-ecexap1.kingcounty.gov.

[3] *Available at* Records Access Portal | KC-Script Portal, https://dja-prd-ecexap1.kingcounty.gov.

REPORT AND RECOMMENDATION
PAGE - 3

case, the Court's decision regarding the appropriate bail would have apparently had no impact on Plaintiff's custody status.

With respect to Plaintiff's expunged convictions, it is simply not clear from Plaintiff's response to the Order to Show Cause whether he intended to assert some claim pertaining to those convictions or whether he was simply referencing them to bolster any claim he intended to present regarding his 2021 conviction. If Plaintiff believes he has viable claims relating to his now expunged convictions that are appropriately raised under 42 U.S.C. § 1983, he may present such claims in a separate complaint under a new cause number as they form no part of the original complaint presented in this action which was limited to a single King County prosecution in January 2021.

### III.   CONCLUSION

Based on the foregoing, this Court recommends that Plaintiff's complaint and this action be dismissed without prejudice, under 28 U.S.C. § 1915(e)(2)(B), for failure to state a cognizable claim for relief. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **October 28, 2022**.

DATED this 4th day of October, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 5